### No. 3931.

### JOSEPH LE BLANC v. LOUIS ST. GERMAIN.

The benefit of the homestead act can be pleaded in bar of the foreclosure of a conventional mortgage given on the homestead subsequent to the enactment of the law.

It can not be rightfully contended that, in con enting to the mortgage, the plaintiff in injunction waived the benefit of this exemption, and that it amounted to a renunciation of the right. No one is presumed to waive a legal right, and every contract is supposed to be made in reference to the law that governs it. In this case there was no express renunciation or waiver.

APPEAL from the Second Judicial District Court, parish of St. Bernard.  *Pardee, J.  E. H. McCaleb, A. & J. M. Livaudais*, for plaintiff and appellee.  *Marcel Ducros*, for defendant and appellant.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

WYLY, J.   The plaintiff, who injoined the foreclosure of the mortgage of the defendant on the ground that the property seized is his only homestead, appeals from the judgment dissolving the injunction with ten per cent. damages.

That the property seized is defendant's only homestead is not disputed. The question is, can the benefit of the homestead act be pleaded in bar of the foreclosure of a conventional mortgage given on the homestead subsequent to the enactment of the law? By section 691 of the Revised Statutes of 1870, in certain cases the homestead is exempt from seizure " in addition to property and effects now exempt

18

from seizure and sale under execution." The defendant contends that the law has no application to a sale under the foreclosure of a mortgage, but only refers to sales "under execution." We can not accept this interpretation of the law. It has a broader meaning. The obvious purpose of the law-giver was to exempt from forced sale in certain cases the homestead of the debtor ; and it is the intention of the law-giver that we must seek and give effect to.

The defendant contends also, that in consenting to the mortgage the plaintiff waived the benefit of this exemption ; that it amounted to a renunciation of the right. No one is presumed to waive a legal right; every one is presumed to contract in reference to the law. The plaintiff and defendant are presumed to have done so. Nothing was said in the contract in regard to the remedy thereon. This the law supplied as thoroughly as if inserted in the instrument. Section 691 of the Revised Statutes appertains to the remedy; and if in forced sales it can be disregarded at all (of which we here express no opinion) it must be by an express renunciation or waiver.

It is therefore ordered that the judgment appealed from be annulled, and it is now ordered that the injunction herein be perpetuated and that the defendant pay cost of both courts.

Rehearing refused.